Filed 6/2/08          NO. 4-06-0783

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McClean County |
| ROBERT P. YOUNG, | ) | No. 05CF1056 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott Drazewski, |
| | ) | Judge Presiding. |

_____

JUSTICE McCULLOUGH delivered the opinion of the court:

In June 2006, the trial court found defendant, Robert P. Young, guilty of criminal drug conspiracy (720 ILCS 570/405.1 (West 2006)) and unlawful delivery of a controlled substance (more than 15 grams but less than 100 grams of a substance containing cocaine) (720 ILCS 570/401(a)(2)(A) (West 2006)). After the court found him guilty, defendant sent the court a letter, which stated defendant's trial counsel failed to call an alibi witness named Thomas Ketchum. It appears from the record the court treated this letter as a posttrial motion alleging ineffective assistance of counsel. The court questioned defense counsel and denied the posttrial motion. In August 2006, the court sentenced defendant to 10 years' imprisonment with credit for 220 days served on the unlawful delivery conviction and vacated the conspiracy conviction. Defendant appeals, arguing the court erred in not questioning defendant about his

allegations that his trial counsel was ineffective.  We affirm.

As the parties are familiar with the facts in this case, we address only those facts necessary to decide this issue. Defendant's letter to the trial court is not contained in the record.  However, at the August 31, 2006, hearing, the court talks about the letter, stating defendant asserted in the letter that his trial counsel was ineffective for not calling Thomas Ketchum as a witness.

Upon being questioned by the trial court about the allegations, defendant's trial counsel stated Ketchum was present at defendant's trial.  Trial counsel informed the court that he had spoken to Ketchum prior to presenting defendant's case in chief to determine if Ketchum could provide an alibi for defendant.

The trial court asked trial counsel if he made a determination not to call Ketchum as a witness as a matter of legal strategy.  Trial counsel stated that Ketchum did not recall defendant's whereabouts during the time period in question when he and Ketchum spoke.  Trial counsel also stated the testimony of defendant's son covered the period of time in question.  After the trial, according to trial counsel, Ketchum was able to speak to other people and refresh his recollection as to defendant's whereabouts.  However, at the time of trial, Ketchum did not have a clear recollection of defendant's whereabouts during the

relevant time period. Trial counsel stated he made a conscious decision as a part of his trial strategy not to call Ketchum as a witness.

The trial court also asked trial counsel if defendant wanted to call anyone else as witnesses at his trial. Trial counsel stated defendant gave him the name and address of one other potential witness, Jaton Brown, in addition to Ketchum. Trial counsel stated he and/or his investigator "talked to him and determined that he could not cover the time period in question, so we did not secure his presence." Trial counsel stated he and/or his investigator also talked to a Russell Thomas and made a conscious decision not to call Thomas as a witness. According to trial counsel, defendant did not give trial counsel the names and addresses of the other individuals who wrote letters on defendant's behalf after the trial.

Trial counsel stated that Ketchum was the primary person trial counsel and his investigator talked to, was the best information they had available to them, and was their connection to other people. Trial counsel stated the letters from other individuals came after the trial was over. According to trial counsel, "I think there was some further reflection after the trial was over and people may have refreshed their memory, but not all these individuals were forthcoming at the time that we were preparing for the speedy trial."

- 3 -

The trial court did not ask defendant any questions regarding his allegations of ineffective assistance of counsel. The court found no indications of neglect on trial counsel's part with regard to the presentation of defendant's case in chief.

Defendant argues the trial court erred because it failed to address or question defendant directly about his claims of ineffective assistance. According to defendant, the trial court failed to comply with our supreme court's directions in People v. Krankel, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984). However, Krankel does not require a trial court to do this.

Our supreme court has stated that its "review of Krankel and its progeny leads us to conclude that the operative concern for the reviewing court is whether the trial court conducted an adequate inquiry into the pro se defendant's allegations of ineffective assistance of counsel." People v. Johnson, 159 Ill. 2d 97, 125, 636 N.E.2d 485, 497 (1994). This court has stated that "[a] court can conduct such an inquiry in one or more of the following three ways: (1) questioning the trial counsel, (2) questioning the defendant, and (3) relying on its own knowledge of the trial counsel's performance in the trial." People v. Peacock, 359 Ill. App. 3d 326, 339, 833 N.E.2d 396, 407 (2005).

Therefore, defendant's argument the trial court did not make a proper inquiry into defendant's claims of ineffective assistance of counsel because it did not question defendant is

meritless.  This court's decision in <u>Peacock</u> makes it clear the court is not required to question a defendant about the allegations.  <u>Peacock</u>, 359 Ill. App. 3d at 339, 833 N.E.2d at 407.  The trial court in this case did make a sufficient inquiry into defendant's claim of ineffective assistance of counsel by questioning defendant's trial counsel, which is one of the three permissible means of inquiry.

As a result, we affirm.  As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.